Per Curiam.

Plaintiff, sole stockholder of a commercial factor corporation, testified that he made a personal loan to a customer of his firm on the security of five bearer bonds, including the subject bond, and upon nonpayment of the loan, claims to have acquired the status of a bona fide purchaser for value. Some months prior thereto the subject bond, together with numerous other bonds and securities, had been found to be missing on an audit made by defendant stockbroker. A list of the stolen bonds and securities was circulated among brokers, transfer agents and registrars by the stockbroker and its insurance company.
The applicable rule was set forth in the leading case of Canajoharie Nat. Bank v. Diefendorf (123 N. Y. 191, 201) : ‘‘ Those who seek to secure the advantages which the commercial law confers upon the holders of bank bills or negotiable paper, must bring themselves within the conditions which the law *240 prescribes to establish the character of a bona fide holder. They are entitled to the benefits of that rule only when they have purchased such paper in good faith, in the usual course of business, before maturity for full value and without notice of any facts affecting the validity of the paper. ’ ’
Plaintiff did not acquire these bonds ‘ ‘ in' the usual course of business”. Neither he nor his corporation had ever handled securities. He had never had any personal transactions with this customer but made this personal loan because bonds were not “ in the nature of the corporation ”, stating that he paid the customer $22,000 or $23,000 in cash taken from the corporation’s safe and returned to him $2,000 to $3,000 of unpaid paper, for a total of $25,000, the face value of the five bearer bonds. No record was made of the transaction. No precise date for repayment of the loan was agreed upon. No interest was charged because “ it was not a profit-making deal ”.
Plaintiff made no inquiries of the customer, such as, for example, why he did not seek a loan on the bonds from a bank or why he did not sell them on the bond market through a broker. Nor did plaintiff make any inquiry to ascertain the price at which these bonds were then selling on the bond market before paying the customer the full face value in cash.
A thief “ could not have discovered a less scrupulous or more accommodating instrument than this [commercial factor], if he had sought the customary agencies for the negotiation of feloniously acquired securities ” (Canajoharie Nat. Bank v. Diefendorf, supra, p. 199). It would be too easy to deprive the true owner of bearer bonds of any recourse if the law recognized as a bona fide purchaser for value one who did not acquire them in the usual course of business but acted solely to accommodate without question the prior possessor thereof.
The circumstances establish that plaintiff cannot claim in his own right the status of a bona fide purchaser for value as against the true owner. Since plaintiff acted solely to accommodate this customer, he can have no greater right or better title than the customer. There having been no showing that the customer had title or was a bona fide purchaser for value, plaintiff’s claim must fail.
The judgment should be reversed, with $30 costs, complaint dismissed, with costs, and it is further adjudged that defendant Insurance Company of North America is entitled to possession of the subject bond.
Concur — Lupiano, J. P., Streit and Gold, JJ.
Judgment reversed, etc.